UNITED STATES DISTRICT COURT
EASTERN DISCTRICT OF NEW YORK                    Civil Action #:
------------------------------------------------------------------------X
TWAN SCARLETT,                                                    **COMPLAINT**
                                        Plaintiff,
        -against-                                                **JURY TRIAL**
THE CITY OF NEW YORK, NEW YORK CITY                              **DEMAND**
POLICE DEPARTMENT, DETECTIVE RICHARD
DIGANGI, and "JOHN AND JANE DOES"
ARRESTING OFFICERS OF THE 120th PRECINCT,


                                        Defendants,
------------------------------------------------------------------------X

        Plaintiff, TWAN SCARLETT, by his Attorneys, ROTH & ROTH, LLP, complaining

of the Defendants, respectfully alleges, upon information and belief, as follows:

## NATURE OF ACTION

1.      This is a civil action, pursuant to 42 U.S.C. § 1983 and 1988, seeking monetary

damages for Plaintiff, TWAN SCARLETT (SCARLETT), due to his wrongful arrest,

detention, malicious prosecution and injuries sustained during his imprisonment caused by

the pervasive misconduct of THE CITY OF NEW YORK (CITY), the NEW YORK CITY

POLICE DEPARTMENT (NYPD), DETECTIVE RICARD DIGANGI (DIGANGI), and

"JOHN AND JANE DOES" ARRESTING OFFICERS OF 120th PRECINCT (OFFICERS).

2.      Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201, compensatory and

punitive damages for violation of his civil rights actionable pursuant to 42 U.S.C. §§1981,

1983, 1985 and 1986 and an award of costs, disbursements and attorneys fees under 42 U.S.C.

§1988.

3.      This lawsuit seeks to hold the Defendant CITY and NYPD liable for the above

misconduct under the Federal Civil Rights statute, 42U.S.C. § 1983 and *Monell v. Dept. of*

*Social Services*, 436 U.S. 658 (1978). The unlawful actions of police officers, detectives and police personnel documented in this lawsuit resulted from affirmative or *defacto* municipal policies, practices and customs to violate the constitutional rights of criminal suspects, or from deliberate indifference by policy-making officials, acting on behalf of CITY, to such violations.

4.      The wrongful acts of the Defendants were willful, oppressive, intentional and malicious; therefore, punitive damages should be assessed against Defendants in an amount deemed sufficient to punish and deter Defendants and others in similar positions of authority from engaging in similar conduct in the future.

## JURISDICTION AND VENUE

5.      This case arises under 42 U.S.C. §1983, the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of New York.

6.      Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1343.

7.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as the underlying acts, omissions, events, injuries and related facts upon which the present action are based, occurred in the County of Richmond, City and State of New York.

8.      The Plaintiff is and was a citizen of the State of New York.

## PRELIMINARY STATEMENT

9.      Prior to the institution of this action and within ninety (90) days from the date when the cause of action accrued herein, a Notice of Claim and intention to sue was duly served upon and filed with the CITY and the NYPD on behalf of Plaintiff; that this action was not

2

commenced until the expiration of thirty (30) days after such Notice of Claim and intention to sue was presented and the Defendants have neglected and/or refused to make adjustment or payment thereon, and this action is being commenced within one year and ninety days after the causes of action accrued herein.

10.    That on or about April 28, 2014, a hearing was held by the CITY pursuant to Section 50-H of the General Municipal Law.  Thereafter on November 20, 2014 an additional hearing was held by the City of New York pursuant to Section 50-H of the General Municipal Law.

## THE PARTIES

11.    Plaintiff, TWAN SCARLETT, is a citizen and resident of the State of New York and of the United States, and resides within the Eastern District of New York.

12.    Defendant, CITY is a municipal corporation of the State of New York and is a resident of the Eastern District of New York.

13.    The NYPD is an agency of THE CITY OF NEW YORK. Detectives and police officers employed by the NYPD are agents and employees of the CITY OF NEW YORK, which is legally responsible for torts they commit within the scope of their employment and/or under color of law.

14.    Defendant, DIGANGI, at all relevant times, was a police officer in the NYPD and employed by the CITY, acted toward Plaintiff under color of statutes, ordinances, customs, and usage of the State of New York and the City of New York, and acted within the scope of his employment. He is sued in his individual and his official capacity.

15.    Upon information and belief, Defendants "JOHN AND JANE DOES" "OFFICERS" were residents of the State of New York, were police officers in the NYPD and employed by

3

CITY, acted toward Plaintiff under color of statutes, ordinances, customs, and usage of the State of New York and the City of New York, and acted within the scope of their employment. They are sued in their individual and official capacity.

16.    Plaintiff is ignorant of the names and capacity of Defendants sued herein as "JOHN AND JANE DOES" ARRESTING OFFICERS OF THE 120th PRECINCT (OFFICERS), inclusive, and therefore sues these Defendants by such fictitious name. Plaintiff is informed, believes and alleges, that each of the fictitiously named Defendants is legally responsible, intentionally, negligently, or in some other actionable manner, for the events and happenings hereinafter referred to, and thereby legally caused the injuries, damages and violations and/or deprivation of rights hereinafter alleged. Plaintiff will seek leave of the court to amend this Complaint and state true names and/or capacities of said fictitiously named Defendants when same have been ascertained.

17.    The reason why Plaintiff is ignorant of some of the true names and capacities of individual Defendants sued herein as representatives of the NYPD, is that same have been unascertainable as of the date of filing of this Complaint, as many of these officers may be deputies, sergeants, captains, lieutenants, commanders, deputy chiefs and/or civilian employee agents, policy makers and representatives of Defendant CITY,  and as such, many of their records are protected by state statute and can only be reasonably ascertained through the discovery process.

18.    At all times relevant hereto, Defendants, CITY and the NYPD employed the individual Defendants, DIGANGI, and OFFICERS, who were present and involved in the unlawful arrest and imprisonment of the Plaintiff on November 22, 2013.

4

19.     The individual Defendants were at all times mentioned herein duly appointed, qualified and acting officers of the NYPD, acting within the course and scope of such employment with the CITY, and under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and the City of New York

20.     At all times relevant, the individual municipal Defendants, DIGANGI, and OFFICERS, were acting as employees of the CITY and the NYPD. Notwithstanding their unconstitutional and unlawful conduct, the actions of the individual Defendants were taken in the course of their duties and were incidental to their otherwise lawful function as agents, servants and employees of the CITY and the NYPD.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

21.     Defendants, CITY and NYPD, with deliberate indifference, gross negligence, and reckless disregard to the safety, security, and constitutional and statutory rights of Plaintiff and all persons similarly situated, maintained, enforced, tolerated, permitted, acquiesced in, and applied policies or practices of, among other things;

    a.  Selecting, retaining and assigning NYPD personnel, civilian personnel and civilian volunteers who exhibit deliberate indifference and reckless disregard for the safety, security and constitutional and statutory rights of detainees and arrestees;

    b. Failing to adequately train, supervise, and control personnel, civilian employees or volunteers in the arts of law enforcement;

c. Failing to adequately discipline personnel or civilian employees involved in misconduct; and

d. Condoning and encouraging personnel and civilian employees in the belief that they can violate the rights of persons such as the Plaintiff in this action with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

22.    Plaintiff is informed and believes, and on the basis of such information and belief alleges, that Defendants CITY and NYPD ordered, authorized, acquiesced in, tolerated, or permitted officer Defendants herein to engage in the unlawful and unconstitutional actions, policies, practices, and customs set forth.  Defendants' conduct as alleged herein constitutes a pattern of constitutional violations based either on a deliberate plan by Defendants or on Defendants' deliberate indifference, gross negligence, or reckless disregard to the safety, security, and constitutional and statutory rights of Plaintiff.

## FACTS – THE INCIDENT

23.    On or about November 22, 2013 at approximately 3:40 pm and at all times thereafter on that day, SCARLETT, was falsely arrested, assaulted and battered in front of Kentucky Fried Chicken located at 201 Bay Street, Staten Island, New York.

24.    He was falsely accused of allegedly assaulting an individual and robbing his cellular telephone.

25.    The Police ignored SCARLETT's pleas of innocence and the Plaintiff, was grabbed and forcibly thrown to the ground, without consent or just cause.  He was arrested by P.O. Richard Digangi and other officers of the precinct believed to be the 120th precinct.

6

26. Thereafter he was taken to the 120th precinct, unlawfully and unjustifiably arrested, booked and detained.

27. SCARLETT, while in the custody of the CITY and the NYPD at 120th Precinct was fingerprinted and photographed. Upon information and belief he was charged with Robbery in the 2nd degree, Robbery in the 3rd Degree, Assault in the 3rd Degree, Petit Larceny and Criminal Possession of Stolen Property in the fifth degree.

28. At no time did Plaintiff assault or attempt to assault any individual or rob a cell phone.

29. At no time did Plaintiff assault or attempt to assault any officer, nor did he present a threat or perceived threat to the personal safety of any officer or to the security of the public or officers present so as to warrant the assault or arrest. Plaintiff did not provoke his assault nor did he conduct himself in any manner that would warrant any use of force, much less the excessive force actually used.

30. Upon information and belief it, it was learned that Plaintiff was arrested for and was additionally maliciously prosecuted by the CITY, its agents, servants, district attorneys and employees by wrongfully charging Plaintiff with Robbery 2nd degree § P.L. 160.10 (2)(a), Robbery 3rd degree § P.L. 160.05, Assault 3rd degree § P.L. 120.00 (1), Petit Larceny § P.L. 155.25 and § P.L. 165.40 Criminal Possession of Stolen Property 5th Degree of the New York State Penal Codes.

31. There was no phone found on the Plaintiff's person belonging to the individual who claims he was robbed by Plaintiff at the time of his arrest or anytime thereafter.

32. The charges against SCARLETT were dismissed on May 27, 2014.

33.     As a result of the foregoing, Plaintiff was deprived of his rights, privileges and immunities secured by the Constitution of the United States of America and of the State of New York, and his rights pursuant to 42 U.S.C §1983.

## DAMAGES

34.     As a direct and proximate result of the deliberately indifferent and wrongful conduct of Defendants herein, Plaintiffs have suffered and continue to suffer injury, damage and loss including, but not limited to:

    (a)     Severe emotional distress;

    (b)     Anguish;

    (c)     Medical expenses, past and future;

    (f)     Pain and suffering;

    (g)     Physical injuries;

    (h)     Loss of quality and/or enjoyment of life,

resulting in Plaintiffs' economic and non-economic damage in amounts to be proven at the time of trial.

35.     The wrongful acts of the Defendants including OFFICERS, were willful, oppressive, intentional and malicious; therefore, punitive damages should be assessed against Defendants in an amount deemed sufficient to punish and deter Defendants and others in similar positions of authority from engaging in similar conduct in the future.

36.     Pursuant to 42 U.S.C. section 1988(b), Plaintiff is entitled to recover his reasonable attorney fees incurred herein.

## FIRST CAUSE OF ACTION

37.     Plaintiff repeats and realleges each and every allegation contained above as though set forth at length herein.

38.     That on or about November 22, 2013, the CITY, its agents, servants and employees, including but not limited to DIGANGI and OFFICERS herein, wrongfully and falsely arrested, imprisoned and detained Plaintiff without any right or justifiable grounds therefore.

39.     That the aforesaid arrest, detention and imprisonment continued at various locations.

40.     That the arrest, detention and imprisonment was caused by the Defendants, their agents, servants and employees, including but not limited to the individual Defendants herein, without any reasonable cause or belief that Plaintiff was in fact guilty of any crime.

41.     That the CITY, its agents, servants and employees, as set forth above, intended to confine Plaintiff; that Plaintiff was conscious of the confinement; that Plaintiff did not consent to the confinement; and that the confinement was not otherwise privileged.

42.     Notwithstanding the above, the unlawful arrest and prosecution of Plaintiff continued by Defendants despite the lack of facts, lack of investigation, and lack probable or reasonable cause to support the charges.

43.     Defendants DIGANGI, and OFFICERS, violated Plaintiff's rights under the Fourth Amendment of the United States Constitution when they arrested and imprisoned the Plaintiff without probable cause, arguable probable cause or other legal justification.

44.     That by reason of the false arrest, imprisonment and detention of Plaintiff, Plaintiff was subjected to great indignities, humiliation and ridicule in being so detained, and was caused to

suffer much pain in both mind and body, and to sustain economic loss, and was otherwise damaged.

## SECOND CAUSE OF ACTION

45.     Plaintiff repeats and realleges each and every allegation contained above as though set forth at length herein.

46.     By virtue of the foregoing, DIGANGI, and OFFICERS, acting in concert with each other and with additional persons for whose acts they are liable, initiated, continued and/or caused the initiation or continuation of, criminal proceedings against Plaintiff.

47.     That following his arrest, Plaintiff was wrongfully, falsely and maliciously charged by Defendants and prosecuted with a crime of which he was innocent.

48.     The criminal proceedings terminated in Plaintiff's favor.

49.     There was no probable cause for the commencement or the continuation of the criminal proceedings.

50.     Defendants, with actual malice, initiated and continued, or caused the initiation and continuation of, criminal proceedings against Plaintiff for which they knew, or should have known, there was no probable cause, and for which in fact there was no probable cause, and thereby caused Plaintiff to be deprived of his liberty. Such proceedings ultimately were terminated in Plaintiff's favor.

51.     Defendants committed the foregoing violations of Plaintiff's rights knowingly, intentionally, willfully, recklessly, and/or with deliberate indifference to Plaintiff's constitutional rights or to the effect of such misconduct upon Plaintiff's constitutional rights.

52.      That as a result of the aforesaid malicious prosecution, Plaintiff was subjected to great indignities, humiliation and ridicule, was greatly injured in his credit and circumstances, and was caused to suffer much pain in both mind and body, and was otherwise damaged.

53.      By reason of the foregoing, the Defendants are liable to Plaintiff, pursuant to 42 U.S.C. §1983, for compensatory and for punitive damages.

54.      Defendant CITY is liable under the principal of respondeat superior.

## THIRD CAUSE OF ACTION

55.      Plaintiff repeats and realleges each and every allegation contained above as though set forth at length herein.

56.      That following his arrest, Plaintiff was wrongfully, falsely and maliciously charged by Defendants and prosecuted with a crime of which he was innocent.

57.      That as a result thereof, Plaintiff was required to appear in court to defend against these wrongful charges.

58.      That as a result of the aforesaid malicious prosecution, Plaintiff was subjected to great indignities, humiliation and ridicule, was greatly injured in his credit and circumstances, and were caused to suffer much pain in both mind and body, and was otherwise damaged.

## FOURTH CAUSE OF ACTION

59.      Plaintiff repeats and realleges each and every allegation contained above as though set forth at length herein.

60.      That the aforesaid actions, and resulting injuries to Plaintiff, was due to the negligence of the CITY and NYPD in the hiring, retention and training of its employees, including the police officers involved in their arrest and malicious prosecution of the Plaintiff.

## FIFTH CAUSE OF ACTION

61.     Plaintiff repeats and realleges each and every allegation contained above as though set forth at length herein.

62.     That Plaintiff was deprived of his rights, privileges and immunities secured by the Constitution of the United States of America and of the State of New York, and their rights pursuant to 42 USC sec. 1983 by those who, under color of a statute or regulation of a state, caused Plaintiff to be so deprived.

63.     That the aforesaid actions by the DIGANGI and OFFICERS were done pursuant to an official municipal policy or a custom of the CITY, which policy involved the indiscriminate detention, interrogation, intimidation and prosecution of individuals who were engaged in criminal conduct, and for the purpose of thwarting the fair administration of justice.

64.     That the CITY and NYPD , their agents, servants and employees, motivated in part by racial and/or ethnic animus, conspired to deprive Plaintiff of his Federal Civil Rights and Constitutional Rights, in violation of 42 USC 1985.

## SIXTH CAUSE OF ACTION

65.     Plaintiff repeats and realleges each and every allegation contained above as though set forth at length herein.

66.     Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendants CITY and NYPD, with deliberate indifference, and conscious and reckless disregard to the safety, security and constitutional and statutory rights of Plaintiff, maintained, enforced, tolerated, ratified, permitted, acquiesced in, and/or applied, among others, the following policies, practices and customs:

12

(a)      failing to adequately train, supervise, and control employees in the proper procedures to question, detain and search a suspect;

(b)      failing to adequately train, supervise, and instruct employees in properly investigating suspected criminal activity;

(c)      failing to establish policies and procedures for the proper detention, search and arrest of suspects;

(d)      failing to establish policies and procedures to execute a proper search of a suspects property or person.

67.      As a direct and proximate result of the foregoing, Plaintiff sustained injury and damage as proved and as more specifically stated above.

## SEVENTH CAUSE OF ACTION

68.      Plaintiff repeats and realleges each and every allegation contained above as though set forth at length herein.

69.      At all times mentioned herein and prior thereto, Defendants CITY and NYPD its officers, employees, servants and agents, had a duty to train, instruct, supervise and discipline their subordinates to assure they respected and did not violate constitutional and statutory rights of suspects, and to objectively investigate violations of said person's rights, including, but not limited to, the right to be free of infliction and cruel and unusual punishment by torture and the right to be safe and protected from injury while in Defendants' custody, under the Fourth, Eighth and Fourteenth Amendments to the U.S. Constitution.

70.      Plaintiff is informed and believe, and thereupon allege, that prior to the incident alleged herein, individual Defendants CITY and NYPD facilitated, permitted, ratified and condoned

similar acts of its employees, and were deliberately indifferent to the health and safety of suspects in general and Plaintiff in particular.  Said Defendants knew, or should have reasonably known, of this practice, pattern or policy of constitutional violations, and additionally, of the existence of facts and situations which created the potential of unconstitutional acts, and had a duty to instruct, train, supervise and discipline their subordinates to prevent similar acts to other persons, but failed to do so.

71.     As a result thereof, Plaintiff's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution were violated.  As a further result thereof, Plaintiff sustained the injuries and damages alleged herein.

72.     The conduct of the individual Defendants mentioned herein, in their individual capacities, was intentional, malicious, willful, wanton and in reckless disregard of Plaintiff's constitutional rights and/or grossly negligent in that this conduct shocks the conscience and is fundamentally offensive to a civilized society, so as to justify the imposition of punitive damages on these Defendants in their individual capacity.

## **DAMAGES DEMAND**

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

1.     General and compensatory damages in an amount according to proof;

2.     Special damages in an amount according to proof;

3.     Statutory damages;

4.     Exemplary and punitive damages against each individual Defendant, not against the public entities, according to proof;

5.     Costs of suit, including attorneys' fees; and,

14

6.     Such other relief as may be warranted or as is just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to rule 38(b) of the Federal rules of Civil Procedure, Plaintiff demands a trial

by jury on all questions of fact raised by this Complaint.

Dated: New York, New York
       February 13, 2015


DAVID A. ROTH
Attorney for Plaintiff
ROTH & ROTH LLP
192 Lexington Avenue, Ste. 802
New York, New York 10016
(212) 425-1020(Phone)
(212) 532-3801(Fax)

To:
THE CITY OF NEW YORK
100 Church Street
New York, New York 10007

THE NEW YORK CITY POLICE DEPARTMENT
100 Church Street
New York, New York 10007

DETECTIVE RICHARD DIGANGI
120th Precinct
78 Richmond Terrace
Staten Island, New York 10301

"JOHN AND JANE DOES" ARRESTING OFFICERS OF THE 83RD PRECINCT
120th Precinct
78 Richmond Terrace
Staten Island, New York 10301

15