UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

TWAN SCARLETT,

                        Plaintiff,

                 v.

CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, DETECTIVE
RICHARD DIGANGI and JOHN AND JANE
DOES, *Arresting Officers of the 120th Precinct*,

                        Defendants.

**ORDER**
15-CV-0790 (MKB) (RML)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Twan Scarlett commenced this action on February 13, 2015 against Defendants the City of New York (the "City"), the New York City Police Department ("NYPD"), Detective Richard Digangi and other unnamed officers, alleging violations of the Fourth, Eighth and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983, and asserting claims of false arrest, excessive force, malicious prosecution and municipal liability. (Compl., Docket Entry No. 1.) On September 4, 2015, Judge Frederic Block held a pre-motion conference in anticipation of Defendants moving to dismiss the Complaint. (Min. Entry dated Sept. 4, 2015.) At the conference, Judge Block noted that Plaintiff's pleadings appeared to be inadequate, recommended that Plaintiff withdraw the case, and directed Defendant to consider seeking sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. (*Id.*) On September 11, 2015, Plaintiff's counsel moved to withdraw as counsel from the case, (Docket Entry No. 18), and on September 24, 2015, the Court granted the motion to withdraw, (Order dated Sept. 24, 2015). On September 24, 2015, the Court also stayed the case until December 30, 2015 "to

permit [P]laintiff . . . to either obtain new counsel or proceed *pro se*." (Order dated Sept. 24, 2015.)

On October 3, 2015, Plaintiff sent a letter to Judge Block, in which he reiterated the allegations in the Complaint. Plaintiff stated in the letter to Judge Block that he was "charged for crimes that [he had not] committed," and that those charges were dismissed by the criminal court in Staten Island. (Letter to Judge Block dated Oct. 3, 2015 at 1–2, Docket Entry No 19.) Plaintiff further explained that he was injured during his arrest and taken to a hospital, where he was not given treatment, and that when his attorneys contacted the hospital, someone from the hospital staff claimed that he had never been entered into the hospital system. (*Id*. at 2.) On October 3, 2015, Plaintiff sent a similar letter to Judge Levy, explaining his arrest and experience at the hospital. (Letter to Judge Levy dated Oct. 3, 2015 at 1, Docket Entry No 20.) On October 20, 2015, Plaintiff sent another letter to Judge Levy, informing the Court that he planned to proceed *pro se*, arguing that his case should not be dismissed because he was denied medical treatment after his arrest, and challenging the hospital's claim that he was never treated at the hospital for any injuries resulting from his arrest.[1] (Letter to Judge Levy dated Oct. 28, 2015 at 2–3, Docket Entry No. 21.)

Judge Levy held a status conference on January 6, 2016, and Plaintiff failed to appear. (Min. Entry dated Jan. 6, 2016.) On February 25, 2015, Judge Levy held another status conference, at which Plaintiff again failed to appear. (Min. Entry dated Feb 25, 2016.) Judge Levy noted that, given Plaintiff's failure to appear and Judge Block's warning to Plaintiff's prior counsel that the case is meritless, "a recommendation that this case be dismissed for failure to

---

[1] On November 4, 2015, the case was reassigned from Judge Block to the undersigned. (Order dated Nov. 4, 2015.)

2

prosecute is appropriate." (*Id*.) Judge Levy adjourned the conference to give Plaintiff a "final opportunity to appear and prosecute this case," and warned Plaintiff that further failure to appear would result in Judge Levy's recommendation to this Court that the case be dismissed. (*Id*.) On March 28, 2016, Judge Levy held a status conference, and Plaintiff failed to appear. (Min. Entry dated March 28, 2016.) By Report and Recommendation dated March 28, 2016 (the "R&R"), Judge Levy recommended that the Court dismiss Plaintiff's claims for failure to prosecute. (R&R dated Mar. 28, 2016.) Plaintiff has not opposed the R&R.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's report and recommendation if the party fails to file timely objections designating the particular issue." (citations omitted)).

The Court has reviewed the unopposed R&R and, finding no clear error, the Court adopts Judge Levy's R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). This action is dismissed for failure to prosecute. The Clerk of Court is directed to close this case.

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: April 19, 2016
       Brooklyn, New York